IRVING, J.,
Dissenting.
¶ 23. The majority finds that the circuit court committed no error in relying upon Uniform Circuit and County Court Rule 5.06 to dismiss Truax’s appeal. That rule provides:
Briefs filed in an appeal on the record must conform to the practice in the Supreme Court, including form, time of filing and service, except that the parties should file only an original and one copy of each brief. The consequences of failure to timely file a brief will be the same as in the Supreme Court.
The rule provides that the consequences of failing to timely file a brief shall be the same as in the Supreme Court.
¶ 24. The consequences of an appellant’s failure to file the appellant’s brief in the Mississippi Supreme Court are set forth in Rule 31(d) of the Rules of Appellate Procedure. Subsection (d) provides that “[i]f an appellant fails to file the appellant’s brief within the time provided by this rule or within the time as extended, the appeal may be dismissed on motion of appellee or on the Supreme Court’s own motion as provided in Rule 2.”
¶ 25. Rule 2 of the Rules of Appellate Procedure provides in part as follows:
(a) Dismissal of Appeal
(1) Mandatory Dismissal. An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.
(2) Discretionary Dismissal. An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules. When either court, on its on motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after the notification, the appeal shall be dismissed by the clerk of the Supreme Court. The attorney for the party in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official. Motions for additional time in which to file briefs will not be entertained after the notice of the deficiency has issued.
(emphasis added).
¶26. While dismissing the appellant’s appeal is a permissible consequence of not timely filing the appellant’s brief, the dismissal is neither required nor automatic. As the plain reading of the rule reveals — ■ before a dismissal can occur — the default *600 ing party must be given notice of the deficiency (the failure to file the appellant’s brief) and fourteen days to cure the deficiency.
¶ 27. In the case before us, the circuit court, prior to dismissing Truax’s appeal, did not cause notice to be given to him by the clerk of the circuit court; therefore, the court did not comply with Rule 5.06 of the Uniform Rules of Circuit and County Court Practice. Executing the consequence without following the procedure which is a prerequisite to acquiring the authority to execute the consequence is hardly what is contemplated by the rule.
¶ 28. On these facts, I am compelled to conclude that the circuit court abused its discretion when it dismissed Truax’s appeal without following the notice procedure mandated by Rule 31(d) and made applicable by its own Rule 5.06. For the reasons presented, I respectfully dissent. I would reverse and remand.
GRIFFIS, J., JOINS THIS SEPARATE WRITTEN OPINION.